United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN ANDREW HASSEL,

    Plaintiff,

v.

MICHAEL J. ASTRUE,

    Defendant.

Case No. 17-cv-05811-MEJ

**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 21, 22

## INTRODUCTION

Plaintiff John Andrew Hassel brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of Defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, denying Plaintiff's claim for disability benefits. Pending before the Court are the parties' cross-motions for summary judgment. PMSJ, Dkt. No. 21[1]; DMSJ, Dkt. No. 22. The Court ordered Defendant to file supplemental briefing (Suppl. Br. Order, Dkt. No. 12), which it did (Suppl. Br., Dkt. No. 33; Response, Dkt. No. 34). The Court previously indicated it would notify Plaintiff if a response to the Supplemental Brief was required (Suppl. Br. Order); the Court finds a response is not required. Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument. Having carefully reviewed the parties' positions, the Administrative Record (AR), and the relevant legal authority, the Court **DENIES** Plaintiff's

---

[1] Plaintiff asks the Court to take notice that he is filing a number of documents: "[P]ROPOSED Expedited Motion Granting Summary Judgment, based on . . . . Admissible Evidence; My Declarations, Attorney's, Certification of the SSA file which is, Undisputed Facts." PMSJ. Plaintiff previously filed a [Proposed] Expedited Motion (Prop. Mot., Dkt. No. 4) and a Declaration (Decl., Dkt. No. 5). The Court has reviewed both the Proposed Motion and the Declaration and includes arguments or evidence from both these documents in its reasoning below.

motion and **GRANTS** Defendant's cross-motion for the reasons set forth below.

**BACKGROUND**

Mr. Hassel has been receiving Supplemental Security Income (SSI) since 1987. AR 175.

Effective December 1, 2008, the Department of Veterans' Affairs (VA) began paying Mr. Hassel $123.00 per month after finding he was entitled to a 10-percent service-connected disability compensation benefit. AR 27. Effective December 1, 2009, the VA increased his benefits to $129.00 per month.[2] His VA benefits increased to $130.94 per month effective December 1, 2013. AR 57.

In 2009, the Social Security Administration (SSA) reduced Mr. Hassel's monthly SSI benefits to $991; he contends he should have been receiving $1,188.72 per month instead. Prop. Mot. at 1; *see also* AR 178.

Effective December 2012, Mr. Hassel began receiving monthly Retirement, Survivors, Disability Insurance (RSDI) in the amount of $693.00. AR 57. That amount increased to $704 per month in December 2013, and $718 per month in 2017. AR 52, Prop. Mot. at 1. Mr. Hassel contends both amounts are incorrect because the "correct amount as shown on SSA web[site for 2013 . . . was] $1,923.00/mo. [and] now $1,951.00/mo." *Id.*

On November 1, 2013, the SSA informed Mr. Hassel it would reduce his monthly SSI payments to $156.40 effective December 2013. AR 28. It explained that Mr. Hassel had monthly income that must be considered in figuring his SSI eligibility and payment amount; the SSA would count as income the $693 he received in Social Security (RSDI) benefits and the $129 he received in VA compensation. AR 28-29.

Mr. Hassel filed a request for reconsideration of that decision, in which he made three

---

[2] There was no evidence in the AR establishing Mr. Hassel received $129 in monthly VA compensation at this point. In its Supplemental Brief, Defendant identifies publicly-available information showing the VA compensation benefit rate for 10-percent service-related disability for a veteran with no dependents increased to $129.00 in December 2012. Suppl. Br. at 3 n.3 (citing https://www.benefits.va.gov/COMPENSATION/resources_comp0112.asp). This is the type of information of which the Court may take judicial notice pursuant to Federal Rule of Evidence 201.

arguments: (1) he should be receiving SSI in the amount of $194.40 per month and retroactive SSI-DIB benefits pre-1987; (2) he is entitled to special provisions granting exclusions from resources and income; and (3) he is a combat veteran who was wrongfully separated and is entitled to back pay and pension. AR 43.

On reconsideration, the SSA concluded its first decision was correct. AR 47-50. The SSA explained that Plaintiff's VA and RSDI benefits must be considered in figuring his SSI eligibility and benefits. AR 47. On reconsideration, the SSA counted his $123 in VA benefits dollar-for-dollar, and counted all but $20 of his $693 in RSDI benefits dollar-for-dollar. AR 47-48. As a result, the SSA assessed Plaintiff as having a total income of $796 for purposes of calculating his SSI benefits. *Id.* at 48 (citing §§ 1612(a)(2)(B) and (b)(2)(A); 20 C.F.R. 416.1103, 1121, 1123, and .1124)).

The following month, the SSA sent Plaintiff another letter information him it would further reduce his SSI payments to $64.40 effective January 2014. AR 37. The SSA explained his payment was based on the fact Plaintiff had total monthly income that must be considered in figuring his eligibility: $704 in Social Security benefits and $129 in VA compensation. *Id.*; *see also* AR 52.[3]

Plaintiff requested a hearing by an Administrative Law Judge (ALJ), in which he indicates (1) he wishes to receive SSI-DIB and wait until he reached 70 years of age for retirement of benefits at 132%, rate and (2) he filed three reconsideration applications, one for retroactive benefits and was denied. AR 51.

---

[3] Because the letter did not explain why a $7 increase in Social Security benefits and a $6 increase in VA benefits caused a $92.00 reduction in SSI benefits, the Court ordered Defendant to provide an explanation. *See* Suppl. Br. Order. Defendant references portions of the record that demonstrate the VA did not count Plaintiff's increased benefits until January 2014, counted his other income from November 2013, and waived overpayments Plaintiff received before the SSA became aware of his VA benefits. *See* Suppl. Br. at 3 (citing AR 28, 38, 42).

3

# DISCUSSION

**A.     Plaintiff's Arguments**[4]

Mr. Hassel argues Defendant erred in reducing his SSI benefits to account for his VA disability compensation and his RSDI because each benefit is excludable from counting in other programs. Prop. Mot. at 3; PMSJ at 1 ("Plaintiff-Veteran is entitled to all three of the benefits

---

[4] The only issue before the Court is the one that was addressed in the administrative proceedings leading up to, and during, Plaintiff's hearing before the ALJ: whether the reductions to his SSI benefits are correct. *See* AR 43, 47, 88, 143. Throughout the proceedings, and in his Proposed Motion, Mr. Hassel raises a number of other issues, which are not properly before the Court. For example, he argues the amount of his VA disability benefit is incorrect and that he has been pursuing an action with the VA to rectify this. AR 176-77. The correctness of the VA's compensation is not before the Court in this Social Security action. During his hearing before the ALJ, Mr. Hassel also appeared to argue that he contests the VA's position that medical marijuana is not a reimbursable medical expense. AR 177-78; *see also* AR 155. The legality of marijuana under federal law, and its treatment by the VA, also are not before the Court.

Mr. Hassel further argues that he should be granted disability benefits retroactively for the period preceding 1987. AR 174; *see also* Prop. Mot. at 3 (Title XVI claim disapproved January 23, 2013 because Plaintiff failed to provide proof of medical injuries before September 1987); Decl. at 1 (Issue #2: disapproval of claim filed on January 25, 2013). That issue also is not before the Court, as there is no evidence before the Court that Plaintiff exhausted his administrative remedies with respect to such a claim. Because Mr. Hassel is now and has been representing himself throughout these proceedings, the Court nevertheless ordered Defendant to address whether the ALJ's failure to address Mr. Hassel's argument was legal error and a basis for remand. *See* Suppl. Br. Order. The AR contains no evidence that Plaintiff explicitly requested the ALJ reopen any prior decision, or that Plaintiff demonstrated any condition for reopening any such decision applied, for example, by showing the initial determination with which he disagreed was made (1) within 12 months of the date of his request for reopening; (2) within four years of his request and good cause existed to reopen it; or (3) at any time because it was obtained by fraud, another person filed a claim on the same earnings record and the claim affected his claim, a person previously determined to be dead was found to be alive, his claim was denied because he did not prove a person had died, or a number of other bases which do not appear to apply here. *See* 20 C.F.R. § 404.988; *see also id.* § 404.989 (good cause includes furnishing new and material evidence, identifying an error made in the computation of benefits, or showing the evidence that was considered in making the determination "clearly shows on its face that an error was made."). Mr. Hassel's reference to his pre-1987 benefits constituted at most an implied request to reopen a prior determination. SSA procedures do not require the ALJ to make a finding in response to such an implied request. *See* Suppl. Br. at 1-2 (citing HALLEX I-2-9-10.B-1); *see also* Response (attaching relevant HALLEX). (HALLEX is the SSA's Hearings, Appeals and Litigation Law Manual. "HALLEX is strictly an internal guidance tool, providing policy and procedural guidelines to ALJs and other staff members. As such, it does not prescribe substantive rules and therefore does not carry the force and effect of law." *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000).) This explains that the SSA's internal procedures did not require the ALJ to make an explicit finding in her decision. Given Mr. Hassel's failure to demonstrate he exhausted his administrative remedies or met the criteria for reopening the decision(s) at issue, if there was any error by the ALJ in failing to discuss the issue, that error would be harmless.

4

1  [SSI, VA compensation, and RSDI] at full rate, whereby the Commissioner has not paid the

2  correct amount of either RSDI or SSI, since deemed date of filing."); *see also* AR 171-73. He

3  argues that his VA benefits should not be deducted because they are compensation, not a pension.

4  AR 173.

### B. Supplemental Security Income Framework

"The basic purpose underlying the supplemental security income program is to assure a minimum level of income for people who are age 65 or over, or who are blind or disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level." 20 C.F.R. § 416.110; *see also* 20 C.F.R. § 416.1100 ("You are eligible for supplemental security income (SSI) benefits if you are an aged, blind, or disabled person who meets the requirements described in subpart B and who has limited income and resources. Thus, the amount of income you have is a major factor in deciding whether you are eligible for SSI benefits and the amount of your benefit."). A person is eligible for SSI if he meets "all the basic requirements listed in [20 C.F.R.] § 416.202"; eligibility is determined each month on the basis of countable income in that month. 20 C.F.R. § 416.200. As is relevant to this action, the basic requirements for SSI eligibility include showing the claimant has no more income than is permitted. 20 C.F.R. § 416.202(c) & (d). "Generally, the more income you have the less your benefit will be. If you have too much income, you are not eligible for a benefit. However, we do not count all of your income to determine your eligibility and benefit amount. We explain in the following sections how we treat your income for the SSI program." 20 C.F.R. § 416.1100. "Income is anything you receive in cash or in kind that you can use to meet your needs for food and shelter." 20 C.F.R. 416.1102. As is relevant here, income for purposes of SSI does not include certain medical care and services, including payments from the VA resulting from unusual medical expenses, and certain social services, including cash given by the VA for the purpose of vocational rehabilitation. 20 C.F.R. § 416.1103. And as is relevant here, things that are treated as unearned income include "[a]nnuities, pensions, and other periodic payments. This unearned income is usually related to prior work or service. It includes, for example, private pensions,

5

social security benefits, disability benefits, veterans benefits, worker's compensation, railroad retirement annuities and unemployment insurance benefits." 20 C.F.R. § 416.1121; *see also* 42 U.S.C. § 1382a(2)(B) ("[U]nearned income means . . . any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions, workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits.").

There are several types of veterans' benefits. Plaintiff receives disability compensation benefits from the VA (AR 27); he does not receive a VA pension (AR 173). "For SSI purposes, treatment of those VA payments depends on the nature of the payments." POMS SI 00830.300.[5] For SSI purposes, VA disability compensation payments are treated as unearned income. *See* POMS SI 00830.304; *Whaley v. Schweiker*, 663 F.3d 871, 874 (9th Cir. 1981) (SSA correctly treated personal veterans benefits received by claimant as income, but erred in treating benefits paid on behalf of dependent children); *Grunfeder v. Heckler*, 748 F.2d 503, 508 (9th Cir. 1984); *Keith v. Sullivan*, 904 F.2d 40 (9th Cir. 1990) ("[VA] benefits are specifically included in the income counted by the Secretary when determining a disabled individual's eligibility for SSI benefits").

The SSA does not count all unearned income to determine SSI eligibility and benefit amount. 20 C.F.R. § 416.1124(a). For example, federal laws provide the SSA cannot count some

---

[5] POMS is the SSA Program Operations Manual System. With four exceptions, *all* VA disability pension payments are federally funded income needs-based benefits; the SSA treats them as unearned income to which the $20 general income exclusion does not apply. POMS SI 00830.300(B)(1), SI 00830.302(B)(1). Plaintiff appears to argue that two of the four exceptions apply to him: pension payments resulting from aid and attendance or housebound allowances, and pension payments resulting from unreimbursed medical expenses. *See* AR 177-79. Even assuming Plaintiff does receive a VA pension, there is no evidence in the record that would allow the Court to find he receives a VA pension "resulting from" such allowances or unreimbursed medical expenses as defined by the SSA. *See* SI 00830.308 (VA Aid and Attendance and Housebound Allowances: "The Department of Veterans Affairs (VA) pays an allowance to veterans, spouses of disabled veterans, surviving spouses, and surviving parents who are in regular need of the aid and attendance of another person or who are housebound. This allowance is combined with the individual's pension or compensation payment."); SI 00830.312 (VA Payment Adjustment for Unreimbursed Medical Expenses).

6

unearned income for SSI purposes. *Id.* § 416.1124(b) & App'x to Subpart K.[6] And the SSA does not count as income assistance based on need that is wholly funded by a State, including State supplementation of Federal SSI benefits, nor any annuity paid by a State based on the State's determination that a person is a veteran, blind, disabled, or aged. *Id.* § 416.1124(c)(2), (24).

The base federal SSI rate for an individual is adjusted each year for the cost of living. 20 C.F.R. § 416.410. In 2013, the base federal SSI rate for an individual was $710 per month; in 2014, it was $721 a month.[7] In addition, most states (including California) add money to the federal SSI payment. Claimants receive a single monthly payment that includes both the federal SSI payment and the state supplement. To calculate the amount of benefits a claimant is actually entitled to, the SSA reduces the base rate by the amount of countable income. 20 C.F.R. § 416.420.

**C.     The ALJ's Decision**

The ALJ correctly recited the applicable law, as discussed above. AR 24-25. She found the SSA did not err in treating Mr. Hassel's VA compensation and RSDI benefits (except for the first $20) as unearned income for purposes of determining his SSI eligibility and benefits. AR 25. To the extent Mr. Hassel argued his VA benefits were excludable under SSA regulations, the ALJ found Mr. Hassel had failed to identify any evidence that his VA benefits resulted from unreimbursed medical expenses or from aid and attendance or housing allowances. AR 25-26. The Court finds the ALJ applied the correct legal standards and that her decision is based on substantial evidence.

Because Mr. Hassel is representing himself in this action, the Court nonetheless will address each of the authorities he contends support a different conclusion. Mr. Hassel argues that Army Regulation 635-40 ¶ 4-19(k) and "8 Feb 2006 RAR 20 March 2012" support his

---

[6] The Appendix lists two laws applicable to the children of veterans with spina bifida and certain birth defects, but no laws of general applicability to veterans themselves or VA benefits. App'x to Subpart K § V, (k), (l).

[7] https://www.ssa.gov/oact/cola/SSIamts.html

7

contentions. PMSJ at 1; *see also* Prop. Mot. at 2 (citing same authorities); *id.* (citing POMS SI-01130-060(A)(1), POMS SI-01130-662, POMS SI-0110-210(A)&(B), HALLEX I-2-2-93(C) & (D); TN-37-02-06, TN-39-03-00); *Id.* at 3 (citing *Antonioli v. Harris*, Civ. No. 78-1841 (7/11/80) (9th Cir.)). None of these authorities supports his argument that his RSDI and VA disability benefits should not be counted as income for purposes of his SSI eligibility and payment amount.

Army Regulation 635-40 is entitled "Physical Evaluation for Retention, Retirement, or Separation." Section 4-19, which Plaintiff cites[8], was entitled "Physical evaluation board decisions—common criteria." Subsection (k) is entitled "Disability compensation excluded from gross income." But as the text of the subsection makes plain, VA disability compensation is excluded from gross income "*for Federal tax purposes*" only. Nothing in this subsection prevents the SSA from counting his VA disability compensation for purposes of determining SSI eligibility or benefits.[9] Mr. Hassel's citation to "8 Feb 2006 RAR 20 March 2012" may be referring to a Rapid Action Revision (RAR) to Amy Regulation 635-40, which became effective March 20, 2012.

POMS SI-01130 is entitled Resources Exclusions. Section 060(A)(1) explains that federal statutes other than the Social Security Act sometimes provide that the SSI program must exclude from resources (or income and resources) certain types of assistance. The list of such exclusions is available at SI 01130.050, and it includes state annuities for certain veterans and veterans' children with certain birth defects; it does not include VA disability payment or RSDI benefits. SI 01130.662 defines state annuities for certain veterans; it notes: "A State annuity payment is not a

---

[8] This language is found in the version of Army Regulation 635-40 that was amended by Rapid Action Revision effective March 20, 2012. Army Regulation 635-40 was subsequently amended; the exact language Plaintiff relies upon no longer exists in the current version of the regulation, but similar language is found in ¶ 5-25.

[9] Furthermore, this exemption only applies if the veteran qualifies under one of two conditions. Based on Mr. Hassel's submissions, it appears he contends he qualifies because the disability pay is awarded by reason of a combat-related injury. *See* AR 57. Under the cited Army Regulation, "combat-related" injuries also cover injuries incurred when performing hazardous service (e.g., parachute duty and demolition duty), as well as conditions simulating war (e.g., grenade and live fire weapons practice).

benefit issued by the Department of Veterans Affairs, such as VA compensation or VA pension." Mr. Hassel's VA disability compensation therefore is not a state annuity as defined by POMS.

POMS SI-0110-210 is entitled Excluded Resources. In addition to the aforementioned veterans' children with certain birth defects and Retained Retroactive SSI or RSDI benefits, as defined in POMS SI-01130.600 are listed as an excluded resources. "Retroactive RSDI benefits are those issued in any month that is more than a month after the calendar month for which they are paid. Thus, RSDI benefits for January that are issued in February are not retroactive, but RSDI benefits for January that are issued in March are retroactive." POMS SI-01130.600(A)(2). This POMS therefore does not stand for the proposition that regular RSDI benefits are excludable from Mr. Hassel's income for the purpose of determining SSI eligibility or benefits; it only stands for the proposition that Retroactive RSDI benefits are excludable. But nothing in the record indicates that the RSDI benefits Mr. Hassel receives are Retroactive RSDI benefits.

HALLEX I-2-2-93 describes Sample Language an ALJ may want to include in a Notice of Hearing. It suggests the ALJ state issues specifically. In the initial Notice of Hearing the SSA sent to Mr. Hassel, the ALJ indicated that "[t]he general issue to be decided is whether your benefits were properly reduced. The specific issue is whether you have excess earnings, earned or unearned income or resources in excess of the amount set by the regulations as the maximum allowable, that reduced your benefits." AR 88. The Notice further stated, "If you disagree with the issues or remarks listed above, you must tell me in writing why you disagree." *Id.* There is no evidence Mr. Hassel told the ALJ in writing that he disagreed about the issues to be decided. In the Amended Notice of hearing, the ALJ elaborated further on the issue, and explained: "The specific issue is whether you have income or resources in excess of the amount set by the regulations as the maximum allowable to be eligible for [SSI]. The specific issues are whether your benefits were properly reduced. . . . Regarding your VA pension payments: Agency policy is to regard VA pensions as unearned income unless policy exceptions exist. . . ." AR 143. Again, the Notice instructed Plaintiff to notify the ALJ in writing if he disagreed with the list of issues to be addressed at the hearing. There is no indication Plaintiff wrote to disagree. This does not

9

provide a basis for concluding the ALJ erred.

TN-37-02-06 and TN-39-03-00 do not appear to be independent authorities, but rather appear to referral to "latest transmittal" identifications for the POMS sections described above.

The SSI recipient in *Antonioli v. Harris* sued for review of a decision decreasing his SSI benefits. The question before the Ninth Circuit was "the correctness of the Secretary's determination that the difference between the rental value of the residence where appellant lived without paying rent, and the property tax expenses he incurred, constituted unearned income." 624 F.2d 78, 79 (9th Cir. 1980). In its opinion, the Ninth Circuit generally explains how "income" is deducted from the basic entitlement of eligible persons, and holds that the district court properly reduced the claimant's SSI benefits to account for the in-kind support he received in the form of free housing provided by his father. *Id.* at 80-81. The opinion does not address either RSDI or VA disability compensation benefits, nor does it suggest these are excludable as forms of income for purposes of SSI eligibility or benefits determination. *See Id.*

None of these authorities suggest the SSA and the ALJ erred in treating Plaintiff's VA benefits dollar-for-dollar as income, or in treating all but the first $20 of his RSDI benefits dollar-for-dollar as income.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS** Defendant's Cross-Motion for Summary Judgment. The Court will enter a separate judgment.

**IT IS SO ORDERED.**

Dated: June 28, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge

10